# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARIA BODOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:08-CV-207-TS |
| | ) |
| MENARDS HOME CENTER, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion [DE 17], filed by Plaintiff Maria Bodor on December 16, 2008. The Plaintiff, proceeding *pro se*, requests that the Court not remand this case to state court and asserts that she is seeking relief of $80,000 for medical expenses, future expenses, and costs. On December 31, Defendant Menards Home Center filed a Response [DE 18].

## BACKGROUND

On June 2, 2008, the Plaintiff filed a Complaint with jury demand [DE 1] in the Lake Circuit Court, Indiana. In her Complaint, the Plaintiff asserts a negligence claim and requests $35,000 in damages, plus costs and interest, for injuries she allegedly suffered in a slip and fall at the Defendant's store in Merrillville, Indiana. In an Order dated June 20, the Lake Circuit Court permitted the Defendant up to and including July 17 in which to file responsive pleadings or to otherwise respond.

On July 11, the Defendant filed its Notice of Removal, premising this Court's subject-matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The Notice indicates that the Defendant was served with the Complaint on June 12, thirty-eight days after

the Plaintiff filed her Complaint. It also indicates that the Plaintiff is a citizen of Illinois, that the Defendant is a citizen of Wisconsin with a principal place of business in Wisconsin, and that there is complete diversity between the parties. The Defendant's Notice is notably thin on the amount in controversy—it simply recites the Plaintiff's allegations that she suffered lower and upper back pains, "sciatic," numbness in limbs, headaches, pain and discomfort, medical expenses, and lost income. Although the Complaint requests relief in the sum of $35,000, plus costs and interest, the Defendant in its Notice suggests that the Plaintiff's cause of action is within the original jurisdiction of this Court, which requires an amount in controversy over $75,000, exclusive of interest and costs.

On August 28, Magistrate Judge Paul R. Cherry conducted a pretrial conference. At this conference, a question was raised regarding the amount in controversy in this case. The Court permitted the parties to conduct preliminary written discovery on facts relevant to the jurisdictional limit, and the parties engaged in such preliminary discovery.

On December 4, Judge Cherry conducted a status conference, at which the Plaintiff under oath represented to the Court that she is seeking to be reimbursed only for medical bills in the amount of $38,083 and for filing fees in the approximate amount of $133.[1] Judge Cherry observed that the Plaintiff's claim did not appear to reach the jurisdictional limit required by federal statute, a fact that would require remand to state court, and defense counsel was directed to prepare and file a joint motion to remand. Apparently, defense counsel prepared and sent to the Plaintiff a draft joint motion to remand, but instead of signing the joint motion to remand, the Plaintiff filed her Motion on December 16. Now, despite her allegations in the Complaint and

---

[1] In addition to considering the Plaintiff's Motion and the Defendant's Response, the Court has also reviewed the transcript of this status conference, and this transcript will also be entered on the Court's docket.

her December 4 sworn statement before Judge Cherry, the Plaintiff suggests that she is seeking $80,000 in damages.

## DISCUSSION

In the August 28 conference and the December 4 conference, a question was raised regarding this Court's subject-matter jurisdiction over this case based upon the amount in controversy. On December 4, after the parties engaged in preliminary discovery of facts relevant to the amount in controversy issue, the Plaintiff indicated under oath that she is seeking damages in the amount of $38,083. This is basically consistent with the Plaintiff's allegation in her Complaint that she is seeking $35,000 in damages. In any event, both amounts of possible damages are below the jurisdictional requirement. The Defendant's Notice of Removal provides few facts regarding the amount in controversy. The Plaintiff now attempts through her Motion to increase the amount in controversy to exceed the jurisdictional limit, despite the clear allegation in her Complaint and her sworn statement to the Court.

Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008). This Court has a duty to address its subject-matter jurisdiction over this case before it can proceed. *McCready v. White*, 417 F.3d 700, 703 (7th Cir. 2005) (stating that "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit").

Under the federal removal statute, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based . . . ." 28 U.S.C. § 1446(b). The federal removal statute also provides in relevant part that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

A defendant is required to file for removal within thirty days of receiving the initial pleading setting forth the claim for relief. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628 (7th Cir. 2007) (citing 28 U.S.C. § 1446(b)). Generally, the party seeking a federal forum has the burden of establishing that jurisdiction in federal court is appropriate. *Wellness Cmty.-Nat'l v. Wellness House,* 70 F.3d 46, 49 (7th Cir. 1995). The standard applied to a removing defendant is more exacting than the standard applied to a plaintiff asserting diversity jurisdiction in the initial pleadings. *Van Swol v. ISG Burns Harbor, LLC,* 491 F. Supp. 2d 807, 810 (N.D. Ind. 2007) (citing *Pratt, Bradford & Tobin, P.C. v. Norfolk & Western Ry. Co.,* 885 F. Supp. 1126, 1130 (S.D. Ill. 1994)). Furthermore, district courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Van Swol*, 491 F. Supp. 2d at 810–11 (citing *Bush v. Roadway Express, Inc.,* 152 F. Supp. 2d 1123, 1125 (S.D. Ind. 2001); *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.,* 10 F. Supp. 2d 1042, 1044 (E.D. Wis. 1998)).

Although the parties do not address the timeliness of the Defendant's removal in their submissions, it appears that the Defendant removed this case thirty-eight days after being served with the Plaintiff's Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based, and thus the Defendant's removal of this case was timely. The

4

Defendant's untimely removal provides a basis for remand, but the Court will also consider the amount in controversy issue.

Because this Court's subject-matter jurisdiction is premised upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court can hear this case only if there was complete diversity between the parties at the time the case was filed in the Lake Circuit Court and at the time of removal, and if the amount in controversy exceeded $75,000, exclusive of interest and costs. *See Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir. 2004). In this case, there appears to be no issue regarding diversity of citizenship, but the amount in controversy has been called into question. This case began with the Plaintiff selecting a state court as a forum for her dispute with the Defendant. The Defendant removed the case to federal court, and thus the Defendant was the proponent of federal jurisdiction. At the December 4 conference, the Plaintiff indicated under oath in open court that the damages she sought were less than $40,000, and Judge Cherry directed defense counsel to prepare a joint motion for remand, which defense counsel apparently did. In an effort to preempt remand, the Plaintiff filed her Motion and did not join with the Defendant in a motion to remand. The Defendant has not filed any motion to remand this case to state court, from which it had removed this case; instead, it filed a Response to the Plaintiff's Motion. In its Response, the Defendant does not dispute Judge Cherry's observation (based upon the Plaintiff's sworn statement) that the jurisdictional amount is not satisfied. The Defendant, instead, focuses on the Plaintiff's judicial admissions as to the amount of damages she is seeking in this case and seeks to hold the Plaintiff to these admissions and representations. The Defendant presents no new jurisdictional facts relative to the amount in controversy, even though the parties have engaged in preliminary discovery regarding facts

5

relative to the amount in controversy.

The Seventh Circuit recently explained the standards courts should employ when the amount in controversy is at issue:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*LM Ins. Corp. v. Spaulding Enter. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

Considering the Defendant's untimely removal and the applicable standards, and based upon the good faith damage allegation in the Complaint, the sparse facts stated in the Notice of Removal relative to the amount in controversy, the parties' preliminary discovery regarding facts relevant to the amount in controversy, the Plaintiff's December 4 statement under oath in open court regarding the amount in controversy, and the absence of any additional facts in the Defendant's Response supporting this Court's subject-matter jurisdiction over this case, the Court finds that the amount in controversy is below the jurisdictional floor (notwithstanding the Plaintiff's new view of her damages and the amount in controversy that she presents in her Motion). Because the amount in controversy is below the jurisdictional floor, this Court lacks subject-matter jurisdiction over this case, and the Court will remand this case to state court. For these reasons, the Court will deny the Plaintiff's Motion.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Motion [DE 17]. The Court ORDERS the Clerk of this Court to REMAND this matter to the Lake Circuit Court, Indiana.

SO ORDERED on January 12, 2009.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT